```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


ROBERTO CABRERA,                  §
                                  §
       Plaintiff,                 §
                                  §
JOSE FRANCISCO ABOYTES-MUNIS      §
et al.,                           §
                                  §
    Intervenor Plaintiffs,        §   CIVIL ACTION NO. H-14-2725
                                  §
ACE American Insurance Co.,       §
                                  §
       Intervenor,                §
                                  §
v.                                §
                                  §
KOSAN CRISPLANT, A/S, D/B/A       §
KOSAN CRISPLANT, KAYA BASKUL      §
D/B/A KAYA, AND KAYA, and         §
AMERIGAS PROPANE, L.P.            §
                                  §
       Defendants.                §
```

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Defendant AmeriGas Propane, L.P.'s Motion to Dismiss (Doc. 29) and Motion to Dismiss Intervenors (Doc. 36), and Defendant Kosan Crisplant's Motion to Dismiss (Doc. 42). The court has considered the motions, the responses thereto, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant AmeriGas's motions to dismiss be **GRANTED** and Defendant Kosan's Motion to Dismiss be **DENIED**.

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 31.

## I. Case Background

Plaintiff Roberto Cabrera (individually, "Cabrera" or collectively, "Plaintiffs") filed this products liability lawsuit against Defendants Kosan Crisplant a/s ("Kosan"), Kaya Baskul ("Kaya"), and AmeriGas, Propane, L.P. ("AmeriGas").[2]

On November 6, 2012, Cabrera, an individual living in Montgomery County, Texas, was injured in a propane gas explosion.[3] On September 22, 2014, Cabrera filed a complaint against defendants Kosan and Kaya.[4] On October 9, 2014, Cabrera filed an amended complaint that added AmeriGas Propane, L.P. ("AmeriGas") as a defendant.[5] Three other individuals injured in the accident permissively intervened as plaintiffs.[6] In addition, ACE American Insurance Company, ("Ace American") the worker's compensation insurance carrier for the three intervening plaintiffs, intervened on November 13, 2014.[7]

On December 29, 2014, AmeriGas filed a motion to dismiss Cabrera's amended complaint for lack of subject-matter

---

[2]   See Doc. 51, Pl.'s 2nd Amended Compl. p. 1.

[3]   See id. p. 4-5.

[4]   See Doc. 1, Pl.'s Compl.

[5]   See Doc. 5, Pl.'s 1st Amended Compl.

[6]   See Docs. 11, 12, Orders Granting Intervenor's Motions to Intervene.

[7]   See Doc. 20, Order Granting Intervenor Ace American's Motions to Intervene.

jurisdiction.[8]  On January 6, 2015, Ace American filed a response to AmeriGas's motion to dismiss.[9]  AmeriGas filed a motion to dismiss Plaintiff Intervenors' claims for lack of subject-matter jurisdiction on January 9, 2015.[10]  On January 16, 2015, Cabrera requested and received an extension of time to respond to AmeriGas's motion by April 10, 2015.[11]

On February 18, 2015, Kosan filed a motion to dismiss for lack of personal jurisdiction and insufficient service of process.[12]  On March 10, 2015, Plaintiffs filed a response to Kosan's motion.[13]

On April 10, 2015, Cabrera filed a response to AmeriGas's motion to dismiss.[14]  On April 20, 2015, AmeriGas filed a reply to Cabrera's response.[15]

## II. <u>AmeriGas's Motion to Dismiss</u>

AmeriGas challenges the court's subject matter jurisdiction. The court must decide a Federal Rule of Civil Procedure ("Rule")

---

[8]     See Doc. 29, Def. AmeriGas's Mot. to Dismiss.

[9]     See Doc. 30, Intervenor Ace American's Resp. to Def. AmeriGas's Mot. to Dismiss.

[10]    See Doc. 36, Def. AmeriGas's Mot. to Dismiss Intervenor Complaints.

[11]    See Doc. 40, Order Extending Pl.'s Deadline.

[12]    See Doc. 42, Def. Kosan Crisplant's Mot. to Dismiss.

[13]    See Doc. 44, Pl.'s Resp. to Def. Kosan Crisplant's Mot. to Dismiss, Doc. 46, Intervenor's Resp. to Def. Kosan Crisplant's Mot. to Dismiss.

[14]    See Doc. 56, Pl.'s Resp. to Def. AmeriGas's Mot. to Dismiss.

[15]    See Doc. 60, Def. AmeriGas's Reply to Pl.'s Resp. to Def. Amerigas' Mot. to Dismiss.

12(b)(1) motion before addressing any attack on the merits. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). Federal courts may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. Kokkonen, 511 U.S. at 377; Howery, 243 F.3d at 916, 919. In considering such a motion, the court must take as true all uncontroverted factual allegations in the complaint. John Corp. v. City of Houston, 214 F.3d 573, 576 (5th Cir. 2000).

Plaintiffs' only basis for jurisdiction is complete diversity under 28 U.S.C. § 1332. Under Section 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between citizens of different states." 28 U.S.C. § 1332. In order to establish complete diversity, all parties on one side of the case must be citizens of different states than all parties on the other side. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). The citizenship of a limited partnership is based upon the citizenship

4

of each of its members.  Id.   A corporation is a citizen in the state where it was incorporated and in the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp., 757 F.3d 481, 483 (5th Cir. 2014).

AmeriGas argues that Plaintiffs cannot establish diversity jurisdiction under 28 U.S.C. § 1332.  AmeriGas alleges that it is a limited partnership and its citizenship is determined by the citizenship of its individual members.  It argues that as of December 19, 2014, AmeriGas Propane, Inc., ("AmeriGas Propane") owned a one-percent general partnership interest, and AmeriGas Partners, L.P., ("AmeriGas Partners") owned a ninety-nine percent limited partnership interest.[16]  AmeriGas Propane is a Pennsylvania corporation.[17]

AmeriGas Partners is a master limited partnership ("MLP"), with AmeriGas Propane as the general partner holding a seventeen-percent interest.[18]  A seventy-four percent interest in AmeriGas Partners is publically-traded on the New York Stock Exchange.[19]

In an effort to defeat jurisdiction, AmeriGas has produced a

---

[16]   See Doc. 29-1, Ex. A to Def. AmeriGas's Mot. to Dismiss, Aff. of Matthew Woodward p. 2.

[17]   See id. p. 3.  AmeriGas Partners was both incorporated and has its principal place of business in Pennsylvania.

[18]   See id. p. 2.

[19]   See id.

list of twenty-five names of individuals having Texas addresses who owned limited partnership interests in AmeriGas Partners as of December 19, 2014.[20] Additionally, AmeriGas offered an affidavit signed by Stephen R. Kossuth, a citizen of Texas since 2011, wherein he averred that he was a limited partner in AmeriGas Partners on the date Plaintiffs filed suit against AmeriGas.[21] Amerigas has offered an additional affidavit asserting that at the time the lawsuit was filed, AmeriGas was comprised of AmeriGas Propane as its general partner and AmeriGas Partners as its limited partner.[22]

AmeriGas argues that because at least one limited partner in AmeriGas Partners is a citizen of Texas, AmeriGas was a citizen of Texas at the time the suit was filed and thus has the same citizenship as Plaintiffs. Additionally, AmeriGas argues that Ace American was incorporated in Pennsylvania and that Ace American likewise destroys complete diversity jurisdiction because AmeriGas Propane was also incorporated in Pennsylvania.

Plaintiffs respond that AmeriGas does not resemble a partnership and should be treated as a corporation. They also

---

[20] See id. pp. 7-8.

[21] See Doc. 29-2, Ex. B to Def. AmeriGas's Mot. to Dismiss, Aff. of Stephen Kossuth.

[22] See Doc. 60-2, Ex. B to Doc. 60, Def. AmeriGas's Reply to Pl.'s Resp. to Def. Amerigas' Mot. to Dismiss, Aff. of Matthew Woodward p. 11. The affidavit asserts that a third corporation, AmeriGas Eagle Holding, Inc., was a limited partner of AmeriGas on September 22, 2014, but the court need not consider the citizenship of this party.

complain that: (1) it would be impossible for a plaintiff to prove diversity if AmeriGas is a limited partnership; (2) AmeriGas has not established Texas citizenship on the date of filing, and (3) Ace American is a nominal party in this action and should be disregarded in the court's determination of diversity. The court considers Plaintiffs' arguments in turn.

Plaintiffs first argue that AmeriGas should be treated as a corporation. Plaintiffs contend that MLP's should be treated as a corporations, as they share many of the same characteristics. Plaintiffs additionally argue that AmeriGas has not received a ruling from the Internal Revenue Service ("IRS") designating it a MLP, and that this court should thus treat AmeriGas as a corporation.

The court is not convinced. The Supreme Court has firmly established that the citizenship of unincorporated entities is determined by the citizenship of the entity's individual members. Carden v. Arkoma Assocs., 494 U.S. 185, 189-90 (1990). In Trafigura AG v. Enter. Prods. Operating LLC, 995 F. Supp. 2d 641, 644-46, (S.D. Tex. 2014), this court directly addressed whether an MLP should be considered as a corporation for jurisdictional purposes, considered arguments nearly identical to those brought by Plaintiffs, and found that absent any action from Congress, an MLP should be treated as an unincorporated entity.

Plaintiffs' argument that AmeriGas has not received a ruling

from the IRS regarding MLP status is misguided. AmeriGas has not argued that it is a MLP; it alleged that it was a limited partnership and that its partners were AmeriGas Propane, a corporation, and AmeriGas Partners, a publicly traded MLP. Because both AmeriGas and AmeriGas Partners are unincorporated entities, the court declines to treat AmeriGas as a corporation.

Plaintiffs additionally argue it would be impossible for a party to establish diversity jurisdiction if MLPs are treated as unincorporated entities. Plaintiff notes that because MLPs are publicly traded, it is "virtually impossible" to determine diversity at a given time.

While the court is sympathetic to Plaintiffs' dilemma, the court in <u>Trafigura AG</u> considered substantially similar issues and found that absent an act of Congress, the citizenship of unincorporated entities is determined by the citizenship of each of its members. <u>Trafigura AG</u>, 995 F. Supp. 2d at 645. Plaintiffs' argument that a plaintiff will find it impossible to prove diversity jurisdiction ignores the fact that federal courts are by nature courts of limited jurisdiction. <u>See</u> <u>Kokkonen</u>, 511 U.S. at 377.

Plaintiffs additionally argue that AmeriGas has not conclusively established citizenship as of the date Plaintiff filed his amended complaint. The citizenship of the parties is determined at the time the lawsuit is filed. <u>GrupoDataflux v.</u>

8

Atlas Global Group, L.P., 541 U.S. 567, 570 (2004).  This suit was filed on September 22, 2014.[23]

Here, AmeriGas offers proof that a citizen of Texas was a limited partner in AmeriGas Partners throughout 2014.  Additionally, AmeriGas has produced affidavit testimony that on the date the case was filed, AmeriGas Partners was a limited partner in AmeriGas.  Therefore, AmeriGas has offered proof that a citizen of Texas held a partnership interest in AmeriGas at the time the suit was filed.  Because a partnership holds the citizenship of each of its partners, AmeriGas was therefore a citizen of Texas at the time of filing for jurisdictional purposes.  See Carden, 494 U.S. at 195-96 (holding that citizenship of limited partnership depends on citizenship of all its members).

Because Cabrera admits that he is a citizen of Texas, and AmeriGas at the time the lawsuit was filed likewise was a citizen of Texas, complete diversity jurisdiction is lacking.  See Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1298 (5th Cir. 1985).[24]

The court **RECOMMENDS** that AmeriGas's motions be **GRANTED** and that AmeriGas be **DISMISSED** for lack of subject matter jurisdiction.

### III. Kosan Crisplant's Motion to Dismiss

Defendant Kosan moves to dismiss Plaintiffs' suit for lack of

---

[23] See Doc. 1, Pl.'s Compl. p. 8.

[24] Because the court lacks diversity jurisdiction, it need not consider the parties' alternative arguments regarding Ace American's citizenship status and whether it should be deemed a nominal party.

personal jurisdiction and insufficient service.

A. <u>**Legal Standard for Personal Jurisdiction**</u>

The Rules authorize a court to dismiss an action against a defendant when the court lacks personal jurisdiction over that defendant. <u>See</u> Fed. R. Civ. P. 12(b)(2). On a motion to dismiss decided without the benefit of an evidentiary hearing, the plaintiff bears the burden of establishing a prima facie case in support of jurisdiction. <u>Monkton Ins. Servs., Ltd. v. Ritter</u>, 768 F.3d 429, 431 (5th Cir. 2014); <u>Latshaw v. Johnston</u>, 167 F.3d 208, 211 (5th Cir. 1999).

The district court may receive "any combination of the recognized methods of discovery," including affidavits, interrogatories, and depositions to assist it in the jurisdictional analysis. <u>Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.</u>, 517 F.3d 235, 241 (5th Cir. 2008) (internal quotation marks omitted). The court resolves all conflicts in the evidence in favor of the plaintiff and accepts as true all of the plaintiff's uncontroverted allegations. <u>Monkton</u>, 768 F.3d at 431.

A federal court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute confers jurisdiction and if the exercise of jurisdiction is consistent with due process under the United States Constitution. <u>Johnston</u>, 523 F.3d at 609. In Texas, the long-arm statute permits personal jurisdiction to the full extent allowed by the Due Process Clause.

Tex. Civ. Prac. & Rem. Code § 17.041; Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990); see also Stroman Realty, Inc. v. Antt, 528 F.3d 382, 385 (5th Cir. 2008).

> The Due Process Clause . . . permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice."

Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999) (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310 (1945).

Minimum contacts are established with a state by a defendant whose "conduct and connection" with that state are significant enough that the defendant "should reasonably anticipate being haled into court" in that state. Nuovo Pignone, Spa, v. Storman Asia M/V, 310 F.3d 374, 379 (5th Cir. 2002) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). The defendant must "purposely avail[] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Nuovo Pignone, 310 F.3d at 379 (quoting Burger King Corp., 471 U.S. at 475). However, unilateral activity on the part of the plaintiff will not satisfy this requirement. Hydrokinetics, Inc. v. Alaska Mech., Inc., 700 F.2d 1026, 1028 (5th Cir. 1983) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

A federal court may exercise general or specific jurisdiction. "[C]ontinuous and systematic general business contacts" are grounds

for the exercise of general jurisdiction over a nonresident defendant for any cause of action regardless of whether the claim arose from specific activity within the forum. Luv N'care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.9, 415).

A court may assert general jurisdiction over a foreign corporation where its affiliations are so systematic and continuous as to render it "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, ___ U.S. ___, 131 S. Ct. 2846, 2851 (2011). Repeated contacts with the forum is not enough; a defendant must have a business presence within the forum state. Jackson v. Tanfoglio Giuseppe, S.R.L., 615 F.3d 579, 584 (5th Cir. 2010). Further, the acts of a subsidiary or agent within the state do not impute such general jurisdiction to the parent. Daimler AG v. Bauman, ___ U.S. ___, 134 S. Ct. 746, 760 (2014).

Alternatively, specific jurisdiction may exist if the asserted cause of action "aris[es] out of or [is] related to the defendant's contacts with the forum." Luv N'care, 438 F.3d at 469 (citing Helicopteros, 466 U.S. at 414 n.8). In this circuit, courts apply a three-prong test in deciding whether specific jurisdiction exists, considering, "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself

of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009).

**B.   Personal Jurisdiction Analysis**

Defendant Kosan argues that Plaintiffs failed to establish that it had sufficient contacts with Texas to justify either general or specific jurisdiction.

Plaintiffs assert that Kosan's contacts with Texas related to the present litigation justify haling it before this court. Plaintiffs argue that a propane carousel involved in the explosion was produced by Defendant Kosan, and that it knew that its product was being sold in Texas.

In cases involving a product sold by a foreign defendant, the Fifth Circuit has held that minimum contacts exist so long as a court finds "that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state." In re Chinese-Manufactured Drywall Prods. Liability Ltig., 753 F.3d 521, 548 (5th Cir. 2014 (quoting Ainsworth v. Moffett Eng'g, Ltd., 716 F.3d 174, 177 (5th Cir. 2013)).

Kosan argues that Plaintiffs cannot establish specific personal jurisdiction because Kosan did not sell, manufacture, or

market the carousel that caused Plaintiffs' injuries. In support, Kosan has provided an affidavit stating that although it has sold equipment in Texas, it has not sold any carousels to AmeriGas.[25] Additionally, Kosan avers that its overall sales revenue to end users in the United States is only $1,500,000, while its annual gross revenue is over $95,000,000.[26]

Plaintiffs have responded by producing photos of the carousel that bear Kosan's logo, AmeriGas's maintenance reports identifying the carousel as a "Kosan Carousel Drive Unit," and deposition testimony referring to the carousel tank fillers as "Kosan."[27] Because Kosan admits that it sells products in Texas, minimum contacts exist. As the carousel is the basis of Kosan's contact with Texas, Plaintiffs have sufficiently established a nexus between their product liability claims and Kosan's forum-related contacts. See Nuovo Pignone, 310 F.3d at 378.

When a plaintiff establishes minimum contacts and a connection to forum-related contacts, the burden shifts to the defendant to defeat jurisdiction by showing that jurisdiction would be unfair or unreasonable. See Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006 (citing Nuovo Pignone, 310 F.3d at

---

[25] See Doc. 42-1, Ex. A to Def. Kosan's Mot. to Dismiss, Decl. of Lars Karlsmose p. 0.

[26] See id. pp. 0-1.

[27] See Ex. 1, 2, and 3 of Doc. 44, Pl.'s Resp. to Def. Kosan's Mot. to Dismiss, Photographs of Carousel, Defendant AmeriGas Maintenance Reports, and Richard Depo. dated Sept. 4, 2014.

382)).  Kosan has not argued that personal jurisdiction over it would be unfair or unreasonable.  Plaintiffs have thus met their prima facie burden of establishing specific personal jurisdiction over Kosan.

Having found that the court has specific personal jurisdiction over Kosan, the court need not consider the parties' arguments regarding general jurisdiction.  It is thus **RECOMMENDED** that Kosan's Motion to Dismiss under Rule 12(b)(2) be **DENIED**.

## C. <u>Insufficient Service of Process</u>

Kosan also alleges that Cabrera has failed to follow Rule 4(f) and 4(h)(2), which outlines service requirements under the Hague Convention.  Kosan argues that rather than serve the Central Authority designated by Denmark, Cabrera mailed a copy of the Summons and First Amended Complaint to Kosan on October 31, 2014.[28]

Cabrera responds that while he did mail Kosan a copy of the complaint and summons, he did in fact properly effect service under the Hague Convention.  In support, Cabrera cites to a Notice of Attempts to Effect Service filed on December 17, 2014, and a certificate of service filed on March 9, 2015.[29]

In his Notice of Attempts to Effect Service, Cabrera notified the court of his compliance with the Hague Convention and stated

---

[28]   See Doc. 42-1, Ex. A to Def. Kosan's Mot. to Dismiss, Decl. of Lars Karlsmose dated Dec. 22, 2014, p. 2.

[29]   See Doc. 27, Notice of Attempts to Effect Serv., Doc. 43, Certificate of Serv. p. 3.

that he additionally provided copies via certified mail. The certificate of service, signed by the Texas Secretary of State, indicates that Kosan was served through Denmark's Ministry of Justice in compliance with the Hague Convention by February 5, 2015.[30] Kosan did not respond to Cabrera's evidence.

The record therefore indicates that Kosan was properly served under Rule 4(f) and it is therefore **RECOMMENDED** that Defendant Kosan's motion to dismiss under Rule 12(b)(5) be **DENIED**.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Kosan's Motion to Dismiss be **DENIED**, that AmeriGas's motions to dismiss be **GRANTED,** and that AmeriGas be **DISMISSED WITHOUT PREJUDICE.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers

---

[30] See Doc. 43, Certificate of Serv. p. 2.

of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 7th day of August, 2015.

_____
U.S. MAGISTRATE JUDGE